PHILLIP J. TYDINGCO
ALTERNATE PUBLIC DEFENDER OFFICE
Suite 902, Pacific News Building
238 AFC Flores Street, Hagåtña, Guam 96910
Tel: 475-3234 ✦ Fax 475-3238



FILED
DISTRICT COURT OF GUAM
NOV 14 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. CR 01-00063 |
| Plaintiff, ) | **STIPULATED MOTION TO CONTINUE THE CRIMINAL PRETRIAL AND TRIAL SCHEDULING DATES WITH MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. ) | |
| MARIO F. MERCADER, EDITHA I. FULLER, RUPERTO A. ESPINOSA, JR., and LARRY VINCENT TOVES BLAS, ) | |
| Defendants. ) | |

**COMES NOW** the parties, Defendant EDITHA FULLER, by and through her counsel, Phillip J. Tydingco , Esq., and the United States of America, through the United States Attorney, Leonardo M. Rapadas, by Assistant United States Attorney Karon V. Johnson, hereby jointly agree and stipulate to move for continuance of the pretrial and trial dates in this case pursuant to 18 U.S.C. §3161(h)(B)(8)(A), upon the grounds and bases as more fully set forth in the Memorandum hereafter set forth.

DATED this 11th day of November, 2005.

| ALTERNATE PUBLIC DEFENDER | UNITED STATES OF AMERICA |
|---|---|
| | Mr. Leonardo M. Rapadas, Esq.<br>United States Attorney for District of Guam |
| *[signature]*<br>Mr. Phillip J. Tydingco, Esq.<br>Attorneys for Defendant<br>EDITHA I. FULLER | *[signature]*<br>Ms. Karon V. Johnson, Esq.<br>Assistant United States Attorney |

## MEMORANDUM OF POINTS AND AUTORITIES

### *STATEMENT OF FACTS*

The Defendant, Editha I. Fuller, had been investigated with many others in connection with a conspiracy to import methamphetamine in the concentration level referred to as "ice" from the Republic of the Philippines and distribute the same in the U.S. Territory of Guam, which reportedly occurred between 1995 and 1997. A federal grand jury indicted Defendant Fuller and three other co-defendants, Mario Mercader, Ruperto A. Espinosa, Jr., and Larry Vincent Toves Blas on charges of conspiracy to import and distribute methamphetamine on June 27, 2001, A warrant of arrest for Defendant Fuller was issued on June 28, 2001. In August of 2005, Defendant Fuller, an American citizen of Filipino ethnicity was returned to Guam to face charges after having been arrested or detained in the Philipines by local law enforcement officials who
Page 2 of 7

DATED this 11th day of November, 2005.

| ALTERNATE PUBLIC DEFENDER | UNITED STATES OF AMERICA |
|---|---|
| | Mr. Leonardo M. Rapadas, Esq.<br>United States Attorney for District of Guam |
| *[signature]*<br>Mr. Phillip J. Tydingco, Esq.<br>Attorneys for Defendant<br>EDITHA I. FULLER | *[signature]*<br>Ms. Karon V. Johnson, Esq.<br>Assistant United States Attorney |

## MEMORANDUM OF POINTS AND AUTORITIES

### *STATEMENT OF FACTS*

The Defendant, Editha I. Fuller, had been investigated with many others in connection with a conspiracy to import methamphetamine in the concentration level referred to as "ice" from the Republic of the Philippines and distribute the same in the U.S. Territory of Guam, which reportedly occurred between 1995 and 1997. A federal grand jury indicted Defendant Fuller and three other co-defendants, Mario Mercader, Ruperto A. Espinosa, Jr., and Larry Vincent Toves Blas on charges of conspiracy to import and distribute methamphetamine on June 27, 2001, A warrant of arrest for Defendant Fuller was issued on June 28, 2001. In August of 2005, Defendant Fuller, an American citizen of Filipino ethnicity was returned to Guam to face charges after having been arrested or detained in the Philipines by local law enforcement officials who

transferred her to the custody of U.S. law enforcement officials[1].

Defendant Fuller's counsel was appointed to represent her August 29, 2005. However, defense counsel attempted to withdraw from this representation because he was defending another client in a local murder jury trial from August 30, 2005 to October 10, 2005, and was scheduled to be off-island between October 15, 2005 and October 26, 2005 but not return to work until October 31, 2005. This motion to withdraw was denied and the criminal trial schedule for the instant case was rescheduled with motions cut-off date of November 14, 2005, and jury trial selection date of December 5, 2005.

On October 7, 2005, defense counsel provided to the Assistant U.S. Attorney Karon V. Johnson a written notice and request for discovery of all materials pursuant to Federal Rules of Criminal Procedure 12(d)(2) and 16, and Local Rule 320-1(a), as well as a request for all other discovery materials required under federal discovery case law.

On Friday afternoon, November 4, 2005, the Office of the Alternate Public Defender received voluminous amounts of discovery from the Government, as well as a plea offer. Defense counsel was not able to begin reviewing this discovery until the following week, and to date has discovered that besides the co-defendants listed in the current indictment against Defendant Fuller, there are numerous others who have been indicted separately and already pled out, convicted, and imprisoned or on supervisory release. Defense counsel has also been informed that there may be more discovery

---

[1] Defense counsel contacted the Guam offices of the U.S. Marshal Service, Federal Bureau of Investigation, and Drug Enforcement Agency, but to date has only been able to learn that the U.S. Marshal Service did not participate in Defendant Fuller's apprehension and transfer to Guam from the Philipines, and that Defendant Fuller may have been deported by the Philippines Government to Guam with the assistance of DEA, INS, and FBI agents.

Page 3 of 7

1 provided including taped conversations conducted in the Filipino language. Just in the
2 first volume of discovery alone, which defense counsel has yet to complete its review
3 together with the Defendant, there appears to be at least thirty witnesses' names, and
4 some of the federal and local Guam law enforcement agents involved in the investigation
5 of this conspiracy including those convicted or civilian witnesses may no longer reside on
6 Guam.

7 On November 10, 2005, defense counsel discovered that in the instant case, the co-
8 defendant, Ruperto A. Espinosa, Jr., who already pled guilty to the charges of the same
9 indictment against Defendant Fuller had been represented by Ms. Sandra D. Lynch, Esq.
10 Prior to joining the Alternate Public Defenders Office, Defendant Fuller's counsel, Phillip
11 J. Tydingco, was a law partner with Ms. Lynch in the law firm of Brooks Lynch &
12 Tydingco, LLP on or about October 2000 through February 2003. This law firm
13 subsequently dissolved thereafter. It is not clear from a review of the District Court of
14 Guam's files of the instant case (Criminal Case No. Cr. No. 01-00063) when exactly Ms.
15 Lynch began her representation of co-Defendant Espinosa. Moreover, Ms. Lynch no
16 longer resides on Guam, and reportedly now resides in the State of Hawaii. Upon
17 learning that there may be a potential conflict of interest, Defendant Fuller's counsel
18 made a long distance telephone call on November 10, 2005 to Ms. Lynch's last known
19 telephone number in Hawaii in attempt to determined whether or not her representation of
20 co-Defendant Espinosa occurred during the law partnership.

21 Moreover, Defendant Fuller, agrees with her defense counsel that given the
22 voluminous discovery and numerous witnesses that more time is required under the

present circumstances in order to prepare the defense of this case for a December 5, 2005 jury trial, which includes attempting to contact witnesses and review the discovery, as well as to rule out any potential conflict of interests her counsel may have, and to make an informed decision about the plea offer from the Government.

Defense Counsel has also informed Assistant U.S. Attorney Karon V. Johnson about Defendant Fuller's request for a continuance based on the aforementioned circumstances, and who does not oppose such a request and joins in this stipulation on behalf of the United States Government for a continuance of the pretrial and trial scheduling dates of the instant case.

### *ARGUMENT*

The *Speedy Trial Act*, 18 U.S.C. §3161(h)(B)(8)(A), provides that a speedy trial may be continued and any period of delay resulting there from not counted in the speedy trial computation for "[A]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial."

The Defendant and her counsel reasonably believe that they require more time to prepare her defense given the voluminous discovery recently received and numerous witnesses identified therein thus far. In addition, Defendant's counsel requires more time to determine whether certain pretrial motions are warranted based on the discovery, which includes defense counsel's current lack of specific facts or information concerning the

circumstances that led to Defendant Fuller's arrest or detention in the Philippines by their local or national police together with U.S. federal law enforcement agents or authorities. Defendant's counsel may have to gather such related information from the Philippines. *See, U.S. v. Berbian*, 851 F.2d 236 (1986).

It is well settled law that criminal defendants enjoy the right to effective assistance of counsel under the Sixth Amendment. *See e.g., Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Effective assistance of counsel also "includes a right to conflict-free counsel." *United States v. Mett*, 65 F.3d 1531, 1534 (9th Cir. 1995) (construing the right to counsel under the Sixth Amendment). Although it will not take as long, Defendant Fuller's counsel has an ethical and professional obligation to determine whether an actual or potential conflict of interest may exist with regard to his former law partner having represented one of the co-Defendants in the instant case.

### *CONCLUSION*

Based on the aforementioned circumstances and reasons described herein, the parties agree that the ends of justice will be served by the granting of this stipulated motion to continue the current pretrial and trial dates of the instant case pursuant to 18 U.S.C. §3161(h)(B)(8)(A).

//

//

//

//

//

DATED this 11th day of November, 2005.

| ALTERNATE PUBLIC DEFENDER | UNITED STATES OF AMERICA |
|---|---|
| | Mr. Leonardo M. Rapadas, Esq.<br>United States Attorney for District of Guam |
| *(signature)*<br>Mr. Phillip J. Tydingco, Esq.<br>Attorneys for Defendant<br>EDITH I. FULLER | *(signature)*<br>Ms. Karon V. Johnson, Esq.<br>Assistant United States Attorney |

Page 7 of 7