PHILLIP J. TYDINGCO
ALTERNATE PUBLIC DEFENDERS OFFICE
Suite 902, Pacific News Building
238 AFC Flores Street, Hagatña, Guam 96910
Tel: 475-3234 ✦ Fax 475-3238

FILED
DISTRICT COURT OF GUAM
DEC 28 2005
MARY L.M. MORAN
CLERK OF COURT

SUPERIOR COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>vs.<br><br>MARIO F. MERCADER,<br>EDITHA I. FULLER,<br>RUPERTO A. ESPINOSA, JR., and<br>LARRY VINCENT TOVES BLAS,<br><br>                         Defendants. | CRIMINAL CASE NO. CR 01-00063<br><br>**MOTION TO DISMISS;**<br>**MEMORANDUM OF POINTS AND**<br>**AUTHORITIES** |

## MOTION TO DISMISS

COMES NOW Defendant EDITHA I. FULLER by and through her counsel, Phillip J. Tydingco, Esq., and files the instant motion with the court pursuant to the Sixth Amendment of the United States Constitution and the authority set forth in Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) to dismiss this matter with prejudice for failure to provide Defendant Fuller a speedy trial following indictment in this matter, upon the grounds and bases as more fully set forth in the Memorandum herein.

DATED: Hagatna, Guam, December 28, 2005.

PHILLIP J. TYDINGCO
Attorney for Defendant
EDITH I. FULLER

# MEMORANDUM OF POINTS AND AUTHORITIES

## Statement of Facts

The instant case involved an investigation by federal law enforcement authorities of a conspiracy to import to and distribute methamphetamine hydrochloride drugs in the Territory of Guam between 1995 and 1999. See e.g., Indictments of Criminal Case Nos. 01-00063 and 00-000052. An indictment was filed in the present case against Editha I. Fuller on *June 28, 2001.* (emphasis added). The grand jury charged her with conspiracy to import methamphetamine hydrochloride, in violation of 21 U.S.C. § 963; conspiracy to distribute methamphetamine hydrochloride, in violation of 21 U.S.C. § 846; importation of methamphetamine hydrochloride, in violation of 21 U.S.C. §§ 952; distribution of methamphetamine hydrochloride 21 U.S.C. §§ 841(a)(1); and attempted possession of methamphetamine hydrochloride with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).

Prior to the indictment, the Defendant Fuller, a Filipina and naturalized U.S. citizen had been residing in the Phillipines. The Defendant recollected that she last left the Territory of Guam for the Phillipines sometime in 1999 and had not been on Guam since then until she was brought back to the Territory by the law enforcement authorities to face the charges of the indictment on or about *August 19, 2005.* (emphasis added). According to the Defendant, she had been living for the most part with her family at 760 E. Pantaleon Street, Hulo district, in the metropolitan area of the City of Manila, Philipines since around the year 2000, and that the National Bureau of Investigation (NBI) agents detained her around August 10, 2005 for questioning by American immigration or law enforcement authorities prior to her return to Guam. The Defendant was unaware of the actual indictment against her until this August of 2005.

## Argument

The Sixth Amendment guarantees that in all criminal prosecutions, the defendant shall enjoy the right to a speedy trial. U.S. Const. Amend. VI. The Defendant Fuller contends that the post-indictment delay in the instant case has violated her right to a speedy trial.

In explaining the pragmatic application of the right to a speedy trial, the United States Supreme Court has stated:

> On its face, the Speedy Trial Clause is written with such breadth that, taken literally, it would forbid the government to delay the trial of an accused for any reason at all. Our cases, however, have qualified the literal sweep of the provision by specifically recognizing the relevance of four separate enquiries: whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for the delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he (the defendant) has suffered prejudice as the delay's result.

Doggett v. United States, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), citing Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. In so holding, it expressly recognized that lengthy delays are presumptively prejudicial to the Defendant even in the absence of proof of actual prejudice. It also recognized that delay attributable to government negligence, as opposed to bad faith, "falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution ⋯ [and] the toleration of such negligence varies inversely with its protractedness ⋯." Id. at 657, 112 S.Ct. 2686.

In order for a speedy trial analysis to be triggered, the accused must allege that the time that elapsed between the accusation[1] and the trial crosses the threshold dividing ordinary delay from

---

[1] The accusation is triggered by arrest, indictment, or other official accusation. See Doggett, supra at 655.

"presumptively prejudicial" delay. Once such a showing has been made, then the court must consider the extent to which this delay goes beyond the minimum needed to trigger judicial examination of the claim. See Doggett, supra at 652.

In the instant matter, Defendant Fuller was indicted on *June 29, 2001*, and was not arrested or returned to Guam until on or about *August 19, 2005* – roughly over four years later. (emphases added). Defendant Fuller asserts that this delay was uncommonly long, presumptively prejudicial, and that the government is more to blame for the delay. As stated previously, Defendant Fuller had been residing in the Philippines, and this fact was known to the government. Defendant Fuller is a United States citizen, and could have been sought and brought back to the U.S. earlier, but in fact never was until August of 2005. Defendant Fuller was never formally noticed of the indictment against her, and therefore, could not be to blame for not appearing to answer to the charges sooner. Further, Defendant Fuller was never able to assert her speedy trial right due to her lack of knowledge of the existence of the Indictment against her, as she was never noticed of the Indictment.

In cases such as this, where the defendant is living abroad, the government's mere assertion of a general policy not to seek extradition is insufficient by itself to satisfy its obligation of due diligence in bringing a defendant speedily to trial. See, e.g., United States v. Diacolios, 837 F.2d 79 (2nd Cir. 1988). In this case, the government could have – and in fact *eventually* did – secure Defendant Fuller's return to the U.S. from the Philippines. In the Diacolios case, which involved a defendant residing in Greece, the Second Circuit held that dismissal of the indictment against the defendant was not warranted under those specific facts because the government did its due diligence; the court further found that, because of the extradition treaty, any efforts by the government to seek Greece's surrender of the defendant would have been futile – and due diligence does not require the

government to pursue that which is futile. Diacolios, supra at 82. However, this point is distinguishable from the instant case. Here, it would *not* have been futile to seek assistance from the Philippine government in securing Defendant Fuller's return to the U.S. In fact, the U.S. government *did* end up working with the Philippine government to secure Defendant Fuller's return – albeit four years after she was indicted.

Regarding the fourth factor set forth above – prejudice suffered as a result of the delay, the Doggett opinion states:

> We observed in prior cases that unreasonable delay between formal accusation and trial threatens to produce more than one sort of harm, including . . . the possibility that the defense of the accused will be impaired by dimming memories and loss of exculpatory evidence . . . the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

Doggett, supra at 654.

The discovery in the instant case reveals the identities of various individuals who are allegedly involved in the same activities in which Defendant Fuller is accused of being involved. After the four-year delay in bringing Defendant Fuller to trial, however, the whereabouts of some of these persons are unknown, and witnesses are presumed lost. Moreover, persons who would have otherwise been beneficial to Defendant Fuller's defense four years ago would now be markedly less useful (if at all) as a result of dimmed memories (including the Defendant's memory) or the sheer inability to locate these persons to be witnesses at all. Where the defendant, alleging a violation of his Sixth Amendment speedy trial rights asserts prejudice, as a result of a delay, the Government has an affirmative burden to rebut this claim. See also Doggett supra 505 U.S. at 655, 112 S.Ct. 286.

//

//

## CONCLUSION

Based on the aforementioned arguments and any evidence adduced at hearing on the matter, this Honorable Court should dismiss the charges in this case as against Defendant Fuller with prejudice based on the violation of the Defendant's right to a speedy trial.

DATED: Hagatna, Guam, December 28, 2005.

PHILLIP J. TYDINGCO
Attorney for Defendant
EDITH I. FULLER

Page 6 of 6

Case 1:01-cr-00063   Document 97   Filed 12/28/2005   Page 6 of 6