

PHILLIP J. TYDINGCO
Suite 902, Pacific News Building
238 AFC Flores Street, Hagåtña, Guam 96910
Tel: 475-3234 ✦ Fax 475-3238

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARIO F. MERCADER,<br>EDITHA I. FULLER,<br>RUPERTO A. ESPINOSA, JR., and<br>LARRY VINCENT TOVES BLAS,<br><br>Defendants. | CRIMINAL CASE NO. CR01-00063<br><br>**MOTION TO COMPEL DISCOVERY; MEMORANDUM OF LAW;** |

### MOTION

COMES NOW, Defendant, EDITHA I. FULLER, through counsel, Phillip J. Tydingco, moves this Court for an order mandating that the United States provide all statutory and exculpatory discovery to the defense. This motion is based on the attached Memorandum in Support, the record on file herein and such other and further evidence and argument as may be presented at the hearing thereon.

Dated at Hagåtña, Guam: December ___ 2005.

PHILLIP J. TYDINGCO
Attorney for Defendant
EDITHA I. FULLER

## MEMORANDUM IN SUPPORT OF MOTION

Under Rules 12 and 16 of the Federal Rules of Criminal Procedure, a defendant is entitled to certain discovery. The prosecutor has the duty to disclose, at least upon request, all evidence favorable to the Defendant which is "material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963).

Categories of evidence generally considered to be Brady material are:

1. The arrest and conviction record of each prospective government witness, United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988).

2. The existence of witnesses favorable to the defense,, 326 F.2d 135 United States v. Wilkins (2d. Cir. 1964).

3. Witness statements favorable to the defendant, Jackson v. Wainwright, 390 F2d. 288 (5th Cir. 1968)

4. Specific evidence which detracts from the credibility or probative value of testimony or evidence used by the prosecution, Thomas v. United States, 343 F2d. 49 (9th Cir. 1965).

5. Promises of immunity to government witnesses, Giglio v. United States, 405 U.S. 150 (1972).

6. Prior contrary statements of a prosecution witness, Giles v. Maryland, 386 U.S. 66 (1967).

The general rule is that Brady material must be provided in time for effective use at trial. United States v. Higgs, 713 F.2d 39 (3rd Cir. 1983). While the court cannot compel the government to disclose information it is statutorily required to do so, nevertheless, such early disclosure should be encouraged. United States v. Spagnuolo, 515 F.2d 818 (9th Cir. 1975).

Page 2 of 3

Knowledge or possession of exculpatory evidence is imputed to the prosecutor as the acting agent of "the government." This "possession" includes documents or information which are in the control of government agencies outside the normal jurisdiction if the prosecutor has knowledge of and access to [it]." United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

Accordingly, Defendant respectfully requests that the Court enter an Order requiring the Government to disclose any and all discovery requested herein, and alternatively prohibit the Government from introducing or otherwise using any such evidence during trial.

Dated at Hagåtña, Guam: December 28, 2005.

PHILLIP J. TYDINGCO
Attorney for Defendant
EDITHA I. FULLER

Page 3 of 3

Case 1:01-cr-00063   Document 98   Filed 12/28/2005   Page 3 of 3